FAIRCHILD PROPERTIES, Plaintiff, v. PAMELA HALL, Defendant

No. COA95-230

(Filed 16 April 1996)

### 1. Ejectment § 14 (NCI4th)— appeal dismissed for failure to comply with statutory requirements—error

Defendant tenant was not required, in order to stay execution of the magistrate's judgment of ejectment for nonpayment of rent pending appeal, to make the additional undertaking under N.C.G.S. § 42-34(c) or, in the alternative, to file an *in forma pauperis* affidavit because the judgment was not entered more than five working days before the day when the next rent was due under the lease. Furthermore, N.C.G.S. § 42-34 does not set out requirements for perfection of an appeal to the district court, and the trial court erred in dismissing defendant's appeal for failure to comply with the "jurisdictional appellate requirements" under § 42-34(c).

**Am Jur 2d, Appellate Review § 862; Landlord and Tenant § 929.**

### 2. Courts § 129 (NCI4th)— dismissal for failure to prosecute—error

Dismissal of defendant's appeal from a magistrate to district court under N.C.G.S. § 7A-228(c) for failure to prosecute was not proper since neither the record nor the district court's order indicated that this case had been regularly set for trial or that defendant-appellant was called.

**Am Jur 2d, Appellate Review § 871.**

Appeal by defendant from order entered 21 November 1994 by Judge James A. Harrill, Jr. in Forsyth County District Court. Heard in the Court of Appeals 17 November 1995.

*Smith Murphrey & Helms, by Steven D. Smith, for plaintiff-appellee.*

*Legal Aid Society of Northwest North Carolina, Inc., by Louise E. Harris and Susan Gottsegen, for defendant-appellant.*

**FAIRCHILD PROPERTIES v. HALL**

[122 N.C. App. 286 (1996)]

LEWIS, Judge.

This is an appeal from an order dismissing defendant's appeal from a magistrate's judgment to the district court. On 19 August 1994, plaintiff filed a complaint in summary ejectment against defendant. The case was heard before Magistrate William B. Campbell who entered judgment for plaintiff on 30 August 1994, two days before rent was due on 1 September 1994. On 30 August 1994, defendant appealed to the Forsyth County District Court asking for a trial de novo by jury. On motion by plaintiff and by order entered 21 November 1994, Chief District Court Judge James A. Harrill, Jr. dismissed defendant's appeal to district court. Defendant appeals.

[1] Defendant assigns error to the district court's dismissal of her appeal for failure to comply with the "jurisdictional appellate requirements" under N.C. Gen. Stat. section 42-34(c) on the ground that she was not required to comply with this section in order to perfect her appeal. We agree.

In its order dismissing her appeal, the district court concluded that she was required by G.S. section 42-34(c) to file an affidavit in forma pauperis under N.C. Gen. Stat. section 1-288. In so concluding, the district court misread G.S. section 42-34(c). G.S. section 42-34(b)and (c) provide a means for a defendant to stay execution of a judgment for ejectment pending an appeal. These subsections provide, in pertinent part:

(b) It shall be sufficient to stay execution of a judgment for eject-ment that the defendant appellant sign an undertaking that he will pay into the office of the clerk of superior court the amount of the contract rent as it becomes due periodically after the judgment was entered and, *where applicable*, comply with subdivision (c) below. Any magistrate, clerk, or district court judge shall order stay of execution upon such undertaking . . . .

(c) In an ejectment action based upon alleged nonpayment of rent *where the judgment is entered more than five working days before the day when the next rent will be due under the lease, the appellant shall make an additional undertaking to stay execu-tion pending appeal.* Such additional undertaking shall be the payment of the prorated rent for the days between the day that the judgment was entered and the next day when the rent will be due under the lease. *Notwithstanding, such additional under-taking shall not be required of an indigent appellant who pros-*

*ecutes his appeal with an in forma pauperis affidavit that meets the requirements of G.S. 1-288.*

G.S. § 42-34(b) and (c) (1994) (emphasis added).

Defendant obtained a stay of execution under G.S. section 42-34(b) by signing an undertaking that she would pay to the clerk of superior court the amount of the contract rent as it became due periodically after judgment was entered. However, she did not make an additional undertaking under G.S. section 42-34(c) and she did not, in the alternative, prosecute her appeal with a G.S. section 1-288 in forma pauperis affidavit.

We first note that defendant was not required, in order to stay execution of the magistrate's judgment, to make the additional undertaking under G.S. section 42-34(c) or, in the alternative, to file an in forma pauperis affidavit because the judgment was not entered more than five working days before the day when the next rent was due under the lease. The magistrate's judgment was entered on 30 August 1994. Under the lease, rent was next due two days later, on 1 September 1994. By its terms, G.S. section 42-34(c) did not require defendant to pay an additional undertaking or to file an in forma pauperis undertaking because judgment was not entered *more than five working days* before 1 September 1994.

Furthermore, it appears from the record that defendant did perfect her appeal to the district court pursuant to N.C. Gen. Stat. 7A-228. She also complied with the G.S. section 7A-228(b1) requirements for appealing as an indigent. G.S. section 42-34 does not set out requirements for perfection of an appeal to district court. Rather, this section simply provides the mechanism for an appellant to stay execution of the magistrate's judgment pending the appeal. An affidavit in forma pauperis is only necessary when an indigent who is required to make an additional undertaking under G.S. section 42-34(c) seeks to be exempted from making the additional undertaking. The trial court erred in concluding that compliance with this section was necessary to perfect defendant's appeal.

[2] Plaintiff asserts that, even if the court erred in dismissing defendant's appeal for failure to comply with G.S. section 42-34, the order of dismissal should be upheld because the district court also dismissed the appeal for failure to prosecute.

After concluding that defendant failed to comply with G.S. section 42-34(c), the district court found that defendant, "after being

FAIRCHILD PROPERTIES v. HALL

[122 N.C. App. 286 (1996)]

given proper notice, has failed to prosecute this action in that she and/or her representative did not appear at the Hearing of this Motion." This finding is not mentioned in the decretal portion of the order. Rather, in the decretal portion of the order, the court dismisses the appeal "for Failure to Comply with Jurisdictional Appellate Requirements." This phrase appears to refer to the court's previous conclusion that defendant failed to comply with G.S. section 42-34(c), not its finding regarding failure to prosecute. Thus, although it made a finding on failure to prosecute, the order does not show that this finding was the basis for the dismissal.

We note that defendant has not assigned error to the court's finding that she failed to prosecute her action. However, because plaintiff asserts this as an alternative ground to uphold the order and because the order is not clear as to whether the court relied on this ground in dismissing the appeal, we exercise our discretion under N.C.R. App. P. 2 and consider this issue.

After review, we conclude that dismissal pursuant G.S. section 7A-228(c) for failure to prosecute was not proper here. G.S. section 7A-228(c) provides:

> Whenever such appeal is docketed and is regularly set for trial, and the appellant fails to appear and prosecute his appeal, the presiding judge may have the appellant called and the appeal dismissed; and in such case the judgment of the magistrate shall be affirmed.

G.S. § 7A-228(c) (1995). This section refers to the failure of the appellant to appear and prosecute his appeal once the appeal is docketed and regularly set for trial. Neither the record nor the district court's order indicate that this case had been regularly set for trial or that the defendant-appellant was called. This is not a case in which the defendant-appellant failed to appear at a regularly set trial. Under these circumstances, dismissal for failure to appear was error.

Reversed and remanded.

Judges WYNN and JOHN concur.