McCULLOUGH, Judge.
Defendant appeals from a judgment dismissing her appeal to district court from a magistrate's judgment of summary ejectment.
The record before this Court reflects that plaintiff instituted summary ejectment proceedings on 11 December 2003 against defendant for nonpayment of rent. The magistrate entered a "JUDGMENT IN ACTION FOR SUMMARY EJECTMENT" on 22 December 2003, ordering defendant's removal from the subject apartment and awarding possession thereof to plaintiff. The judgment further awarded plaintiff $1,150.00 in unpaid rent.
In compliance with N.C. Gen. Stat. § 7A-228(b), (b1) (2003), defendant filed written notice of appeal to district court on 31 December 2003, accompanied by application to proceed in her appeal as an indigent. See N.C. Gen. Stat. § 1-110 (2003). On 31 December 2003, the Clerk of Rutherford County Superior Court granted defendant indigent status.
Defendant also filed a bond to stay execution of the magistrate's judgment during the pendency of her appeal in district court. See N.C. Gen. Stat. § 42-34 (2003). When she subsequently failed to pay her monthly rent obligation into court, as required by N.C. Gen. Stat. § 42-34(b), the district court dissolved the stay of execution and directed the clerk of superior court to issue plaintiff a writ of possession on the subject property. The clerk issued the writ of possession on 9 March 2004.
In dismissing defendant's appeal from the magistrate's judgment of summary ejectment, the district court acknowledged that defendant "appealled [sic] in due time and form" from the judgment. In light of defendant's failure to stay execution of the judgment and the clerk's issuance of a writ of possession on the subject property, however, the court concluded that it no longer had jurisdiction to consider the appeal, which it deemed to be moot.
In her instant appeal, defendant argues that the district court erred in dismissing her appeal for failure to stay the magistrate's judgment pursuant to N.C. Gen. Stat. § 42-34(b). We agree. As this Court has previously held:
[N.C. Gen. Stat. §] 42-34 does not set out requirements for perfection of an appeal to district court. Rather, this section simply provides the mechanism for an appellant to stay execution of the magistrate's judgment pending the appeal.... The trial court erred in concluding that compliance with this section was necessary to perfect defendant's appeal.
Fairchild Properties v. Hall, 122 N.C. App. 286, 288, 468 S.E.2d 605, 607 (1996). Defendant's failure to satisfy the bond requirement of N.C. Gen. Stat. § 42-34(b) allowed plaintiff to execute upon the magistrate's judgment while her appeal was pending. It did not, however, deprive the district court of jurisdiction over her appeal. Nor did the clerk's issuance of a writ of possession or the removal of defendant from the subject apartment moot her appeal from the magistrate's judgment, given the statutory remedies available to her should she prevail. See N.C. Gen. Stat. §§ 42-35 to -36 (2003). Accordingly, we reverse the district court's judgment and remand the cause for further proceedings.
Reversed and remanded.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).